IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                       Case No.  22-10043-JWB

JESSE JAMES EDWARDS,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on the government's appeal of the magistrate judge's order of release, and its motion for detention.  (Doc. 11.)  The court held a hearing on July 25, 2022 and took the matter under advisement.  For the reasons stated herein, the government's motion for detention (Doc. 11) is GRANTED and the magistrate judge's order of release (Doc. 8) is REVOKED.

## I.  Facts

On July 12, 2022, a grand jury returned a two-count indictment against Defendant.  Count One essentially charged that on September 28, 2021, Defendant knowingly distributed child pornography by means of interstate commerce, in violation of 18 U.S.C. § 2252A(a)(2).  Count Two charged that on that same date, Defendant knowingly possessed material containing an image of child pornography that had been transported in interstate commerce and that was produced with materials in interstate commerce, and which involved a prepubescent minor who had not attained twelve years of age, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  (Doc. 1.)

The government proffered facts relating to the alleged offenses and, to support the proffer, provided an audio recording of Defendant's *Mirandized* statement.  In September 2019, law

enforcement received a cyber tip regarding the distribution of 39 files of child pornography from a Kik account, which is an online messaging application.  Law enforcement then conducted an investigation which led to the discovery of Defendant after officers determined the internet protocol address that was associated with the Kik account was registered to Defendant's wife. According to the government, the files distributed on Defendant's Kik account included videos of child rape, including a particular video of a child under twelve being raped by an adult male. Defendant surmised that the children in the files that he had distributed were aged 7-13.

Defendant was interviewed by law enforcement officers during their investigation. According to the government's proffer and as confirmed by the court's subsequent review of the audio interview, Defendant admitted to downloading and sharing child pornography through his Kik account.  Defendant's involvement with child pornography has a lengthy history and he admitted during his interview to having a problem with child pornography.  Defendant prefers viewing pornography of children who are just reaching puberty and will share child pornography with other users on Kik.  Defendant admitted to frequently deleting his accounts and then returning to child pornography at a later date.  Defendant also deleted files on his phone after his Kik account had been deactivated.  In discussing his reasoning for viewing child pornography, Defendant stated in his interview that he believed in a particular religion which adheres to the belief that if you do something bad then something good will happen for someone you care about.  Defendant believed that because he was doing something bad by viewing child pornography then something good was going to happen for someone in his life.  At the time of the alleged conduct, Defendant was residing in his home with his children, one of which is a minor.  If released, Defendant proposes that he live with his mother, where there are no minor children or access to the internet.

The government moved for detention pending trial, arguing Defendant was both a danger to the community and a flight risk. The magistrate judge ordered that Defendant be released pending trial under various conditions, including a curfew restricting him to his residence from 6 p.m. to 8 a.m., location monitoring, and having no access to technology. The government now seeks revocation of the order of release and an order that Defendant be detained pending trial.

## II.   Standard

Pursuant to 18 U.S.C. § 3145(a)(1), the government may seek review of a magistrate judge's order of release. The district court's review of a magistrate judge's order of release is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Collier*, No. 12-20021-09, 2012 WL 4463435, at *1 (D. Kan. Sept. 27, 2012) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)). The Federal Rules of Evidence do not apply to detention hearings. *See* 18 U.S.C. § 3142(f). The court may allow the parties to present information by proffer, or it may insist on direct testimony. *See id.*

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence...or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act provides a rebuttable presumption of risk of flight and danger to the community when a defendant is charged with an offense involving a minor victim under § 2252A(a)(2), as is the case here. *See* 18 U.S.C. § 3142(e)(3)(E). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *United States v. Walters*, 89 F. Supp. 2d 1217, 1220 (D. Kan. 2000) (citing *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990)). The grand jury indictment in this case charges Defendant with offenses involving a minor victim, including distribution of child pornography, and thus raises the rebuttable presumptions of risk of flight and danger to the community. *Id*.

The burden of production on Defendant to overcome the presumption is not a heavy one, but Defendant must produce some evidence. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991). Even if Defendant overcomes the presumption, the presumption remains a factor in the court's detention decision. *Id*. The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002) (noting burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove

dangerousness to any other person or the community by clear and convincing evidence.  *Id*. at 1252.

**III.     Analysis**

**A. Nature and Circumstances of the Offense**

The offense charged in Count One involves a minor victim and triggers the statutory presumption of detention.  18 U.S.C. § 3142(e)(3)(E).  Both Count One and Count Two are considered "crimes of violence" in the context of detention hearings.  18 U.S.C. § 3156(a)(4).  Such offenses are particularly serious given that they involve victimization and sexual abuse of young children who are incapable of knowingly consenting to sexual conduct.  Indeed, the government's proffer indicates that the images here involve intercourse between an adult male and a twelve-year-old child, which is nothing short of child rape, an egregious and brutal act of violence against an innocent child.  Moreover, the proffer indicates that Defendant shares these images with others online in order to receive images in exchange, which encourages further acts of violence against innocent children by other individuals.  Such conduct indicates that Defendant's release would pose a high degree of danger to others in the community, particularly to minors who are unable to protect themselves.  This factor weighs in favor of detention.

**B. Weight of the Evidence**

The government's proffer indicates the weight of the evidence is strong.  The proffer indicates the government possesses evidence of electronic records supporting the allegations in the indictment, physical evidence obtained as a result of search warrants, and admissions by Defendant tending to support the allegations.  The government represents that it has evidence connecting the images at issue to Defendant.  Given the weight of the evidence – which Defendant has essentially

not disputed for purposes of this hearing – the inference of danger to the community is strengthened, and also weighs in favor of detention.

### C. History and Characteristics of Defendant

Defendant is a 41-year old United States citizen. He has lived in the Fort Scott, Kansas, area his whole life. He is married and has two children, a 17-year old son and an 18-year old daughter. He is unemployed and has been for eleven months. His previous employment includes working as a cook at various businesses. Defendant has lived with his wife and children in their home. Defendant's mother also resides in the Fort Scott area and Defendant is able to reside with her. Defendant's adult brother, aunt, and uncle also live with Defendant's mother. Defendant checks on his uncle and brother daily as they suffer from mental health conditions. He has no prior criminal convictions or known criminal history outside of the instant conduct. Defendant's history and characteristics are neutral. His absence of criminal history would generally weigh in favor of release, but given the difficulty in detecting those involved in child pornography crimes, it is not uncommon for defendants charged with such crimes to present with a lack of prior criminal history.

### D. Danger to the Community

The court is required to order the pretrial release of a person subject to conditions unless the court determines that such release will endanger the safety of any other person or the community. *See* 18 U.S.C. § 3142(b). "The concern about safety is to be given a broader construction than the mere danger of physical violence. Safety to the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Kroeker*, No. 22-3092, 2022 WL 2610344, at *4 (10th Cir. July 8, 2022) (affirming detention in a case involving two counts of receiving and possessing child pornography) (quoting *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)). Similarly, Congress has determined

that "the existence of and traffic in child pornographic images creates the potential for many types of harm in the community and presents a clear and present danger to all children." *United States v. Davin*, No. 12-10141-EFM, 2012 WL 2359419, at *3 (D. Kan. June 20, 2012) (quoting Pub. L. No. 104–208, § 121, 110 Stat. 3009 (codified at 18 U.S.C. § 2251)).  That danger is specifically shown here by Defendant's trading of images of child sexual abuse, which encourages further criminal activity by others.  Moreover, Defendant has admitted to an extensive history with child pornography even though the physical evidence is not as extensive due to Defendant's admission of deleting the child pornography files.  Defendant has also admitted that he engaged in this conduct due to his religious belief that his bad actions would result in good coming to others. While Defendant has a right to his religious beliefs, the court need not blind itself to the consequences of those beliefs when a defendant admits that his beliefs contribute to his decision to engage in crimes involving child pornography, thus raising the specter that his beliefs could result in further criminal activity while on release.  When combined with the proffered evidence relating to Defendant's admitted and long-term interest in child pornography, this factor strongly favors detention.

Taken as a whole, the court finds that the available information concerning the § 3142 factors shows by clear and convincing evidence that Defendant's release would pose a danger to the community.  Furthermore, the court finds that there are no conditions or combination of conditions that would reasonably assure the safety of the community if Defendant were released. Although Defendant proposes that he live with his mother and will not have home internet, the internet is easily accessible by a multitude of means and devices. *See United States v. Ybarra*, No. 21-10061-JWB, 2021 WL 3849470, at *4 (D. Kan. Aug. 27, 2021) ("Access to the internet is gained not only from a home computer, but also from public computers and hand-held devices

which are readily available and easily concealed.")  Even imposing a condition that Defendant have no access to internet, computers, or smart technology (a condition that was imposed by the magistrate judge in the release order), does not alleviate the danger because means of accessing the internet by a person who is strongly disposed to engage in such conduct are still readily available.  *See United States v. Renander*, 431 F. Supp. 3d 1240, 1246 (D. Colo. 2020) ("Moreover, cellular devices are usually small and easily concealed. Living with his parents and being subject to random searches by Pretrial Services is therefore not a combination of conditions that can reasonably ensure the community's safety.")  Additionally, Defendant has admitted to frequently deleting and removing child pornography from his devices.  Therefore, there is a significant risk that Defendant could continue to engage in this criminal activity and conceal his actions.  The nature and circumstances of the alleged offense in this case strongly indicate Defendant has a propensity to engage in such conduct, to a degree that his release would pose an unacceptable risk of harm to the community—even with conditions restricting his use of the internet.

## IV.  Conclusion

The government has carried its burden of proving by clear and convincing evidence that there is no combination of conditions that would reasonably assure the safety of others and the community if Defendant were released pending trial.  The magistrate judge's order of release previously entered (Doc. 8) is accordingly REVOKED and the government's motion for detention (Doc. 11) is GRANTED.

Defendant Jesse Edwards is hereby committed to the custody of the Attorney General, pending trial, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel and, upon an order of a

court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is held shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.  Dated this 26th day of July, 2022.

   __s/ John W. Broomes_____
   JOHN W. BROOMES
   UNITED STATES DISTRICT JUDGE